# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * * *
KENNETH PACIOCCO,

           Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

           Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

No. 25-873V

Special Master Christian J. Moran

Filed: July 17, 2025

Elizabeth Kyla Abramson, Mctlaw, Washington DC, for petitioner;
Heather Lynn Pearlman, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

      Petitioner, Kenneth Paciocco, filed a petition for compensation on May 22, 2025, alleging that the flu vaccine he received on October 12, 2022, caused him to suffer from chronic inflammatory demyelinating polyneuropathy ("CIDP"). He filed various medical records within the same week. On June 26, 2025, the case was reassigned to the undersigned.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Mr. Paciocco filed a motion for a decision dismissing his petition on June 30, 2025, stating that counsel became aware on June 22 that Mr. Paciocco was recently diagnosed with a different medical condition. Exhibit 22 at 40. Counsel advised Mr. Paciocco that he would be unable to prove that he is entitled to compensation, and Mr. Paciocco agreed to dismiss his claim. Mr. Paciocco intends to protect his rights to file a civil action in the future and intends to elect to reject judgment against him.

### I.    Analysis

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Mr. Paciocco filed medical records in support of his claim but did not obtain a supportive report from an expert. Therefore, Mr. Paciocco wishes to have his claim dismissed and judgment entered against him. Given Mr. Paccioco's clear intent that a judgment issue in this case, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to § 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, Mr. Paciocco did not provide an expert report to support his claim that the flu vaccine caused his CIDP. Therefore, there is insufficient evidence to support a finding of vaccine-causation.

**Thus, this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

       **IT IS SO ORDERED**.

                                                          s/Christian J. Moran
                                                          Christian J. Moran
                                                          Special Master